Jon B. Fougner (State Bar No. 314097)
jon@fougnerlaw.com
600 California Street, 11th Floor
San Francisco, California 94108
Telephone: (415) 577-5829
Facsimile: (206) 338-0783

Edward A. Broderick, *Pro Hac Vice*
ted@broderick-law.com
BRODERICK LAW,  P.C.
99 High Street, Suite 304
Boston, Massachusetts 02110
Telephone: (617) 738-7080
Facsimile: (617) 830-0327

[Additional counsel appear on signature page]

*Attorneys for Plaintiff Deborah Schick and the Proposed Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DEBORAH SCHICK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>SELECTQUOTE INSURANCE SERVICES,<br><br>Defendant. | Case No. 3:19-cv-04902-LB<br><br>**SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT**<br><br>Complaint Filed: August 15, 2019<br><br>**Location**: Thursday, January 16, 2020<br>**Time**: 11:00 a.m.<br>**Location**: 450 Golden Gate Avenue, San Francisco, CA 94102<br>**Department**: Hon. Laurel Beeler, 15th Floor, Courtroom B |

Plaintiff Sidney Naiman's counsel and Defendant SelectQuote Insurance Services's counsel met and conferred on January 9, 2020 via email, pursuant to Federal Rule of Civil Procedure 26(f) and Civil Local Rule 16-10(d), the Standing Order for All Judges of the Northern District of California: Contents of Joint Case Management Statement and this Court's

- 1 -
SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT
*Schick v. SelectQuote Insurance Services*, Case No. 3:19-cv-04902-LB

601481790.1

August 15, 2019, Order, Dkt. No. 4. All parties hereby respectfully submit this Supplemental Joint Case Management Statement.

### 1. Progress or Changes Since Last Case Management Statement was Filed

Plaintiff's Statement

On November 20, 2019, the Court allowed Plaintiff's Motion to Amend Caption and Substitute Parties, allowing Deborah Schick to substitute as Plaintiff for her husband, Sidney Naiman. Dkt. No. 29. On December 23, 2019 the Court entered the Parties' Stipulated Protective Order for Standard Litigation. Dkt. 30.

The parties have both served discovery on each other. The Parties held a meet and confer on Defendant's responses on January 7, 2020, to be continued on January 10, 2020. On January 7, 2020, Defendant requested a meet and confer on Plaintiff's responses served on January 6, 2020. Defendant's requested meet and confer will take place on January 10, 2020. Plaintiff has also served third-party subpoenas.

SelectQuote's Statement

On October 15, 2019, defendant voluntarily produced to Plaintiff's counsel call recordings and sworn declarations showing that the call alleged in Plaintiff's complaint was made by a third party, not SelectQuote, and that SelectQuote made no calls to Plaintiff.  On November 7, 2019, a week prior to the Initial Case Management Conference, Plaintiffs served a document entitled Plaintiff's Set Of Discovery To Selectquote Insurance Services 1, which included fourteen interrogatories and forty-nine document requests seeking, among other things, information and documents concerning any calls made by SelectQuote *to anyone* in the preceding four years.

At the Initial Case Management Conference, Defendant informed the Court that it intended to move to dismiss for lack of subject matter jurisdiction and the Court ordered the parties to proceed with discovery limited to the question of the Court's jurisdiction to hear the dispute.  See Dkt. 23 ("Parties will file an amended complaint by 11/27/2019 and engage in jurisdictional discovery."). In view of the Court's order, on November 22, 2019, Defendant's counsel wrote to Plaintiff's counsel noting that their discovery requests were served prior to the

- 2 -
SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT
*Schick v. SelectQuote Insurance Services*, Case No. 3:19-cv-04902-LB

601481790.1

Initial Case Management Conference and asking Plaintiff to "please confirm that you will be serving new discovery requests appropriately tailored to the issues of jurisdiction and your client's standing to bring her claim;" or in the alternative, proposing a meet and confer as to which, if any, of the served requests relate to jurisdictional issues. Plaintiff refused to withdraw the requests, insisting that the Court lacked authority to limit initial discovery to jurisdictional issues. Defendant responded to the requests and the parties met and conferred on those responses on January 7, 2020.

On December 3, 2019, Defendant served three requests for admission and four document requests on Plaintiff focused solely on jurisdictional issues. On January 6, 2020, Plaintiff responded, denying all requests for admission and refusing to produce any documents. The parties will meet and confer on Defendant's requests on January 10.

Following the conclusion of meet and confer, Defendant intends to file a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Procedure 12(b)(1).

**2.     Progress for the Remainder of the Case Development Process**

Plaintiff's Statement

Plaintiff is ready to proceed with discovery on all issues.

SelectQuote's Statement

Defendant intends to file a motion to dismiss for lack of subject matter jurisdiction and believes that any further discovery should be stayed until it is determined whether the Court has jurisdiction to hear Plaintiff's claim.

**3.     The Parties' Views on Whether Some Form of ADR Would be Appropriate**

Plaintiff's Statement

Plaintiff believes that in the current posture ADR would be premature, but once discovery about class size and number of calls is available, private mediation, if welcomed by SelectQuote, could be helpful.

SelectQuote's Statement

Defendant requests that the Court refer the matter for a settlement conference pursuant to Local Rule 7-2 to be held in the next 45 days.

**SIGNATURE ATTESTATION**

The CM/ECF user filing this paper attests that concurrence in its filing has been obtained from the other signatories.

RESPECTFULLY SUBMITTED AND DATED on January 10, 20.

By: /s/ Jon B. Fougner
Jon B. Fougner

Anthony I. Paronich, *Pro Hac Vice*
anthony@bparonichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100

Matthew P. McCue, *Pro Hac Vice Forthcoming*
mmccue@massattorneys.net
THE LAW OFFICE OF MATTHEW P. McCUE
1 South Avenue, Suite 3
Natick, Massachusetts 01760
Telephone: (508) 655-1415
Facsimile: (508) 319-3077

Andrew W. Heidarpour, *Pro Hac Vice Forthcoming*
AHeidarpour@HLFirm.com
HEIDARPOUR LAW FIRM, PPC
1300 Pennsylvania Avenue NW, 190-318
Washington, DC 20004
Telephone: (202) 234-2727

*Attorneys for Plaintiff Deborah Schick and the Proposed Class*

By: /s/ Daniel Rockey