Jon B. Fougner (State Bar No. 314097)
jon@fougnerlaw.com
600 California Street, 11th Floor
San Francisco, California 94108
Telephone: (415) 577-5829
Facsimile: (206) 338-0783

[Additional counsel appear on signature page]

*Attorneys for Plaintiff Sidney Naiman and the
Proposed Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SIDNEY NAIMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SELECTQUOTE INSURANCE SERVICES,<br><br>Defendants. | Case No. 3:19-cv-04902-LB<br><br>**PLAINTIFF'S SET OF DISCOVERY TO SELECTQUOTE INSURANCE SERVICES 1** |

TO:     SELECTQUOTE INSURANCE SERVICES; and

TO:     ITS ATTORNEYS OF RECORDS:

Pursuant to Federal Rules of Civil Procedure 26, 33, and 34, the following discovery requests are propounded to YOU. They are intended to draw upon the combined knowledge of YOU and your agents, including your attorneys.

## I.  DEFINITIONS

The following terms shall have the following meanings:

- 1 -

1    "DATABASE" means any structured collection of information that can be accessed,
2    updated or managed electronically.

3    "DOCUMENT" means "document(s) or electronically stored information" as defined
4    broadly in Federal Rule of Civil Procedure 34(a)(1)(A). A draft or non-identical copy is a
5    separate document.

6    "PERSON" means any natural person or legal entity, including, without limitation, any
7    business or governmental entity or association.

8    "PLAINTIFFS" means all of the following: the named plaintiff(s) in this action, Sidney
9    Naiman, and Debbie Schick.

10   "TELEMARKETING" means (i) selling or promoting goods or services by telephone
11   (including SMS, VOIP, direct insertion to voicemail, and any other telephonic means), (ii)
12   generating leads by telephone (including SMS, VOIP, direct insertion to voicemail, and any
13   other telephonic means), or (iii) generating leads containing phone numbers, in each of the 3
14   foregoing cases regardless of whether by YOU or by a VENDOR or other THIRD PARTY.
15   Conduct is TELEMARKETING even though it (1) had other, additional purposes (e.g.,
16   fulfillment of a partially completed transaction or verification of information); (2) was to a
17   person who had consented to receive it; (3) was to a person who had a prior existing business
18   relationship with YOU or any other PERSON; and/or (4) was not made for YOUR exclusive
19   benefit.

20   "THIRD PARTY" means any natural person, partnership, association, corporation, joint
21   venture, or other business or legal entity not owned, controlled, or paid an annual salary by
22   YOU.

23   "VENDOR" means any THIRD PARTY under contract with, hired by, employed by,
24   paid by, or working for YOU, whether directly or recursively, in a capacity related to
25   TELEMARKETING, including but not limited to the RELEVANT ENTITIES.[1]

26

27   _____

28   [1] "DATALOT" means Datalot, Inc., a Delaware corporation with its principal executive
     office at 65 Jay Street, 2nd Floor, Brooklyn, New York, 11201.

- 2 -

"YOU" means the PERSON to which this set of discovery is propounded, along with its past and present predecessors, successors, subsidiaries, parents and joint venturers.

The use of the singular form of any word includes the plural and vice versa.

All other words shall have their ordinary definition as defined by Merriam-Webster's online dictionary, located at http://www.merriam-webster.com/.

## II.  INSTRUCTIONS FOR INTERROGATORIES

Submit your answers to the interrogatories herein in writing and under oath to the undersigned counsel within 30 days. If any of these interrogatories cannot be answered in full, then answer to the fullest extent possible, specifying the reasons for your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portion or portions. In answering these interrogatories, furnish such information as is available to you, regardless of whether this information is obtained directly by you, through your agents or representatives, or by any of your attorneys.

When you are asked to identify a natural person, a fulsome identification is requested, including the person's full name, addresses, phone numbers and email addresses and whether or not YOU assert that the person is represented by counsel in this matter for purposes of rules governing communication by an attorney with a represented party.

These interrogatories are continuing in nature. In accordance with Federal Rule of Civil Procedure 26, you are required to supplement your answers to the interrogatories in the event new or additional information becomes known to you.

---

"EZ HEALTH" means Ez Health Medical, a New Jersey entity with its principal place of business at 707 Alexander Road, Princeton, New Jersey, 08540.

"NTS" means the entity referenced by Daniel Rockey in his October 15, 2019, email with the subject line "Naiman v. Select Quote."

"YASHA MARKETING" means Yasha Marketing, LLC, a Florida limited liability company with its principal address at 18221 Daybreak Drive, Boca Raton, Florida, 33496.

"RELEVANT ENTITIES" means DATALOT, EZ HEALTH, NTS and YASHA MARKETING, and all of their past or present predecessors, successors, subsidiaries, parents or joint venturers.

- 3 -

### III.   INSTRUCTIONS FOR REQUESTS FOR PRODUCTION

Produce for inspection and copying the DOCUMENTS described in these requests electronically to the undersigned within 30 days. In accordance with Rule 34(b), YOU shall provide written responses to the following requests and shall produce the requested documents as they are kept in the ordinary and usual course of business or shall organize and label the documents to correspond with the categories in this request.

If YOU withhold the production of any document that is responsive to the following requests on the grounds that the document is privileged or otherwise protected, state in a privilege log the nature of the claim of privilege or protection and describe generally the type and nature of the document; the date of the document; the identity of the author(s), the addressees, and any recipients of the document; the document's present location; and any other information that will enable PLAINTIFFS and the Court to assess the applicability of the privilege or protection.

All ESI should be produced in a computer-readable format and should comply with the proposed ESI order we have served on YOU. Do not remove or alter metadata or degrade the fidelity of any typeface, image, or file.

Produce all requested documents in YOUR possession, custody or control, including (by way of illustration only and not limited to) DOCUMENTS in the possession, custody or control of YOU or YOUR affiliates, merged and acquired predecessors, present and former directors, officers, partners, employees, accountants, attorneys or other agents, present and former independent contractors over which YOU have control, and any other PERSON acting on YOUR behalf.

If a DOCUMENT responsive to these requests was at any time in YOUR possession, custody, or control but is no longer available for production in its original condition, state the following information:

a)   Whether it has been altered, tampered with, edited, manipulated, destroyed and/or deleted;

- 4 -

b) If so, why, when, how, how much, where and by whom; and

c) What remedial measures, if any, have been taken to prevent similar occurrences in the future.

These requests shall be deemed continuing so as to require seasonable supplemental responses as YOU or YOUR attorneys obtain further information or materials until the time of trial.

## IV.  RELEVANT TIME PERIOD

Unless otherwise indicated, the relevant time period for these discovery requests starts four years before the filing of the original complaint in this action and continues through the present.

## V.  INTERROGATORIES

**INTERROGATORY NO. 1:**  Identify by make, model, structure, and location the system(s), platform(s), and/or equipment used by YOU, or any VENDOR, to place TELEMARKETING calls.

**ANSWER:**

**INTERROGATORY NO. 2:**  Identify any DATABASES, lists, or other computer systems or equipment YOU used to maintain records of TELEMARKETING calls YOU, or any VENDOR, placed.

**ANSWER:**

**INTERROGATORY NO. 3:**  Identify any DATABASES, lists, or other computer systems or equipment YOU used to maintain records of a PERSON's purported consent to receive TELEMARKETING calls from YOU or a VENDOR or revocation thereof, specifically indicating the location of such DATABASES, lists or other computer systems.

**ANSWER:**

**INTERROGATORY NO. 4:**  For each system, equipment, and DATABASE identified in the foregoing interrogatories, identify the primary PERSONS responsible for its maintenance or operation.

**ANSWER:**

**INTERROGATORY NO. 5:**  Identify all VENDORS whose work relates to TELEMARKETING, and describe the services each such VENDOR performs.

**ANSWER:**

**INTERROGATORY NO. 6:**   Describe any policies or practices YOU used during the relevant time period related to compliance with the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the time period each policy was in force.

**ANSWER:**

**INTERROGATORY NO. 7:**   Describe any policies YOU used during the relevant time period related to compliance with the E-SIGN Act, 15 U.S.C. §§ 7001 *et seq.*, when obtaining prior express written consent within the meaning of the TCPA and the time period each policy was in force.

**ANSWER**:

**INTERROGATORY NO. 8:**   Identify each PERSON involved in training YOUR employees or VENDORS regarding TELEMARKETING. Please include in YOUR answer a brief description of each PERSON's responsibilities regarding the training, and the dates of any training provided.

**ANSWER:**

**INTERROGATORY NO. 9:**   For every spreadsheet, database, call log, lead log or consent log YOU have produced in this action, describe when, by whom, and how it was created, including the SQL query or other criteria for the data included in it.

**INTERROGATORY NO. 10:**  Identify all people with knowledge relevant to claims or defenses in this case.

**ANSWER:**

**INTERROGATORY NO. 11:**   How, if at all, do YOU use the National Do Not Call Registry?

**ANSWER:**

**INTERROGATORY NO. 12:**   How, if at all, do YOU determine that people have provided prior express written consent to receive automated telemarketing by or on behalf of YOU?

**ANSWER:**

**INTERROGATORY NO. 13:**  Describe your dealings with the RELEVANT ENTITIES.

**ANSWER:**

**INTERROGATORY NO. 14:**  How many calls did DATALOT transfer to you?

**ANSWER:**

## VI.   REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**   Produce all non-attorney-client-privileged DOCUMENTS used to draft responses to interrogatories propounded to YOU in this case.

- 7 -

1    **RESPONSE:**

2

3    **REQUEST FOR PRODUCTION NO. 2:**   Produce all DOCUMENTS concerning any

4    of PLAINTIFFS, including any documents showing any alleged consent to receive automated

5    and/or TELEMARKETING calls.

6    **RESPONSE:**

7

8    **REQUEST FOR PRODUCTION NO. 3:**   Produce all DOCUMENTS concerning the

9    system(s), platform(s), and/or equipment used by YOU, or any VENDOR, to place or store data

10   about automated and/or TELEMARKETING calls. This request specifically includes, but is not

11   limited to, all records of automated and/or TELEMARKETING calls that were placed, and all

12   manuals or guides for such system(s), platform(s), and/or equipment.

13   **RESPONSE:**

14

15   **REQUEST FOR PRODUCTION NO. 4:**   Produce all DOCUMENTS concerning any

16   DATABASES, lists, or other computer systems or equipment YOU use to maintain records of a

17   PERSON's purported consent to receive automated and/or TELEMARKETING calls from

18   YOU. This request specifically includes, but is not limited to, records YOU claim evidence

19   consent, and any and all manuals or guides for computer systems or equipment used to maintain

20   records of consent.

21   **RESPONSE:**

22

23   **REQUEST FOR PRODUCTION NO. 5:**   Produce all DOCUMENTS concerning the

24   DATABASES, lists, or other computer systems or equipment YOU use to record a PERSON's

25   revocation of consent to receive automated and/or TELEMARKETING calls.

26   **RESPONSE:**

27

28

1    **REQUEST FOR PRODUCTION NO. 6:**   Produce all data dictionaries or keys to data

2  tables for:

3        a.     each system, platform, and/or equipment used by YOU, or any VENDOR,

4  to place automated and/or TELEMARKETING calls;

5        b.     each DATABASE, list, or other computer system or equipment YOU use

6  to maintain records of a PERSON's purported consent to receive automated and/or

7  TELEMARKETING calls; and

8        c.     each DATABASE, list, or other computer system or equipment YOU use

9  to record a PERSON's revocation of consent to receive automated and/or TELEMARKETING

10  calls.

11    **RESPONSE:**

12

13    **REQUEST FOR PRODUCTION NO. 7:**   Produce all DOCUMENTS concerning

14  YOUR records of any automated and/or TELEMARKETING calls placed by YOU or any

15  VENDOR, or on YOUR behalf, including, but not limited to, the following:

16        a.     The date and time each call was placed;

17        b.     The number of calls placed;

18        c.     The telephone numbers and area codes to which each call was placed;

19        d.     The result of each call;

20        e.     The content of each call;

21        f.     Identifying information for the PERSON(S) who received the calls (e.g.,

22  name, address, email address, etc.) and, if different, identifying information for the PERSON(S)

23  to whom the calls were intended to be placed;

24        g.     The telephone numbers for all outgoing telephone lines that were used in

25  placing the calls;

26        h.     The identity of the companies or carriers that were used to place the calls;

27  and

28

- 9 -

1        i.        Recipients' responses, whether by live voice, IVR, SMS or otherwise, to

2    each call;

3        j.        Any other information regarding the calls (e.g., reports, data compilations,

4    verifications, electronic signature records, transmission reports, call, recordings, etc.).

5        **RESPONSE:**

6

7    **REQUEST FOR PRODUCTION NO. 8:**   Produce all DOCUMENTS concerning any

8    leads or evidence of consent generated for or provided to YOU for purposes of placing

9    automated and/or TELEMARKETING calls, including, but not limited to, the DOCUMENTS

10   containing the following information:

11       a.        The dates the leads were generated;

12       b.        The number of leads;

13       c.        The VENDORS and affiliates, and *their* vendors and affiliates, involved in

14   the generation of the lead;

15       d.        For leads from websites, all server logs, timestamps, clickstreams, URLs,

16   referring URLs, exit URLs, IP addresses, device IDs, code, screenshots, access logs, error logs,

17   terms of service, privacy policies, TCPA disclosures, other recorded user or website behavior,

18   hosts and DOCUMENTS that identify any VENDOR or THIRD PARTY used to, or that can,

19   measure or estimate site traffic, including, but not limited to, Alexa, Chartbeat, Compete,

20   Comscore, Google Analytics, Mixpanel, and Quantcast;

21       e.        All evidence of consent to receive calls;

22       f.        The profiles for each lead, including, but not limited to, the name, address,

23   telephone number, and area code for each lead; and

24       g.        Any other information regarding the leads (e.g., reports, data compilations,

25   verifications, electronic signature records, transmission reports, call recordings, etc.).

26       **RESPONSE:**

27

28

**REQUEST FOR PRODUCTION NO. 9:**  If any DOCUMENTS responsive to the immediately preceding request are in the hands of THIRD PARTIES or a VENDOR, produce DOCUMENTS that identify those THIRD PARTIES or VENDORS.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 10:** Produce all DOCUMENTS concerning the content of all calls placed by YOU, or a VENDOR, on YOUR behalf, including, but not limited to, any draft or proposed language. This request includes but is not limited to recordings of prerecorded or artificial voices used by YOU or a VENDOR.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 11:** Produce all DOCUMENTS, DATABASES, or list(s), concerning all VENDORS whose work relates to placing automated and/or TELEMARKETING calls, which DOCUMENTS concern such activities.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 12:** Produce all DOCUMENTS that concern any assertion that the recipients of YOUR automated and/or TELEMARKETING calls gave prior express consent to receive them.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 13:** Produce all documents that support any assertion that YOU or a VENDOR made clear and conspicuous disclosures to recipients of your automated and/or TELEMARKETING calls (a) that the calls would be automated, (b) regarding who was the specific seller of the products marketed, and/or (c) that one could buy YOUR products or services without consenting to such calls.

**RESPONSE:**

1

2    **REQUEST FOR PRODUCTION NO. 14:** Produce all DOCUMENTS concerning

3    whether any purported prior express written consent obtained from any of PLAINTIFFS or

4    putative class members complied with the E-SIGN Act, 15 U.S.C. §§ 7001 *et seq*.

5    **RESPONSE:**

6

7    **REQUEST FOR PRODUCTION NO. 15:** Produce all DOCUMENTS evidencing all

8    policies and practices related to placing automated and/or TELEMARKETING calls, and a

9    timeline indicating the periods during which each such policy was in effect. This request

10   specifically includes, but is not limited to, policies related to the following:

11           a.      The frequency with which calls are placed to the same number;

12           b.      Scripts;

13           c.      Reasons triggering the addition of a PERSON's name or telephone

14   number to the list of those receiving calls;

15           d.      When and how calls would be placed (e.g., the VENDOR, equipment,

16   computer system, or other program, etc.);

17           e.      Compliance with the TCPA, including, but not limited to the rules,

18   regulations, opinions, advisories, comments or filings of the Federal Communications

19   Commission that relate to 47 U.S.C. § 227 or 47 C.F.R. § 64.1200;

20           f.      Obtaining or verifying prior express consent;

21           g.      Determining whether a PERSON has revoked consent and/or opted out

22   from receiving calls from YOU;

23           h.      Placing automated calls to PERSONS who have revoked consent and/or

24   opted out;

25           i.      Complying with E-SIGN Act, 15 U.S.C. §§ 7001 *et seq.*; and

26           j.      The handling of do-not-call requests.

27   **RESPONSE:**

28

1

2   **REQUEST FOR PRODUCTION NO. 16:** Produce all DOCUMENTS concerning the

3   failure, alleged failure, or possible failure of VENDORS to comply with the parameters of any

4   agreements, contracts, scopes of work, or other instruction(s) imposed by YOU regarding

5   placing automated and/or TELEMARKETING calls.

6   **RESPONSE:**

7

8   **REQUEST FOR PRODUCTION NO. 17:** Produce all DOCUMENTS concerning the

9   failure, alleged failure or possible failure of VENDORS to comply with YOUR policies related

10  to placing automated and/or TELEMARKETING calls, including, but not limited to,

11  DOCUMENTS concerning the failure, alleged failure, or possible failure of VENDORS to

12  comply with the E-SIGN Act, 15 U.S.C. §§ 7001 *et seq.* or to honor do-not-call requests.

13  **RESPONSE:**

14

15  **REQUEST FOR PRODUCTION NO. 18:** Produce all DOCUMENTS concerning

16  YOUR failure, alleged failure or possible failure to comply with YOUR policies related to

17  placing automated and/or TELEMARKETING calls, including, but not limited to,

18  DOCUMENTS concerning YOUR failure, alleged failure or possible failure to comply with the

19  E-SIGN Act, 15 U.S.C. §§ 7001 *et seq.* or to honor do-not-call requests.

20  **RESPONSE:**

21

22  **REQUEST FOR PRODUCTION NO. 19:** Produce all DOCUMENTS concerning all

23  policies regarding the generation of leads for purposes of placing automated and/or

24  TELEMARKETING calls, including, but not limited to, policies related to confirming the

25  validity of leads.

26  **RESPONSE:**

27

28

**REQUEST FOR PRODUCTION NO. 20:** Produce all DOCUMENTS concerning the failure, alleged failure or possible failure of VENDORS to comply with the parameters of any agreements, contracts, scopes of work, or other instruction(s) imposed by YOU regarding the generation of leads for purposes of placing automated and/or TELEMARKETING calls.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:** Produce all DOCUMENTS concerning the failure, alleged failure or possible failure of VENDORS to comply with YOUR policies related to the generation of leads for purposes of placing automated and/or TELEMARKETING calls, including, but not limited to, DOCUMENTS related to the failure, alleged failure or possible failure of VENDORS to obtain valid prior express written consent from the actual recipients of calls.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:** Produce all DOCUMENTS concerning YOUR failure, alleged failure or possible failure to comply with YOUR policies related to the generation of leads for purposes of placing automated calls, including, but not limited to, DOCUMENTS and communications related to YOUR failure, alleged failure or possible failure to validate any lead(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:** Produce all materials, business plans, memoranda, minutes, or other DOCUMENTS that reference placing automated and/or TELEMARKETING calls and/or generating leads for such purposes, including any such materials directed to THIRD PARTIES.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:** Produce all contracts with or other DOCUMENTS concerning all RELEVENT ENTITIES. This request includes drafts of such DOCUMENTS and correspondence regarding the same.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:** Produce all DOCUMENTS relating to the training YOU, or any PERSON acting on YOUR behalf, provided to any VENDORS regarding techniques, methods, systems, or procedures for placing automated and/or TELEMARKETING calls for purposes of marketing YOUR products or services and/or generating leads relating to such calls.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:** Produce all letters, emails, voicemails, text messages, instant messages, social media messages and other communications between YOU and any VENDOR concerning automated and/or TELEMARKETING calls.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:** Produce all DOCUMENTS relating to any payments made by YOU to any VENDOR.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:** Produce all complaints made to YOU concerning automated and/or TELEMARKETING calls and or lead generation by YOU, or any VENDOR, including, but not limited to, lists or DATABASE(S) containing complaints, the content of complaints, and the names, addresses, telephone numbers, and email addresses of all PERSONS believed to have made complaints. This request specifically includes any complaints to YOU by mail, email, or telephone; submitted through online forms or social media; submitted

- 15 -

to any government agency; submitted to any other organization such as the Better Business
Bureau, Chamber of Commerce, FCC, FTC, or other organization of any kind.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:** Produce all DOCUMENTS concerning
requests by any PERSON that YOU, or any VENDOR, stop calling. This request includes, but is
not limited to, requests made by email, letter, SMS, IVR, or other forms of communication, as
well as any DATABASES identifying or listing the names, addresses, telephone numbers, or
email addresses of PERSONS who made such requests.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:** Produce all lists or DATABASE(S) that
constitute any do-not-call list or do-not-contact list provided by YOU to any VENDORS
identified or provided by any VENDORS to YOU.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:** Produce all DOCUMENTS concerning all
policies regarding whether and how YOU ensure compliance with a PERSON's request to YOU
or any VENDOR to stop calling or to stop calling via a particular means or for a particular
purpose.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:** Produce all DOCUMENTS constituting or
referring to audits, investigations, inquiries, or studies, by YOU or any THIRD PARTY,
including, but not limited to, any independent auditor, law firm, or governmental agency,
regarding the compliance by YOU, or any VENDOR acting on YOUR behalf, with any state or

federal laws or regulations involving placing automated and/or TELEMARKETING calls, including regarding generating leads for such purposes.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:** Produce all DOCUMENTS concerning insurance coverage of the acts alleged by PLAINTIFFS, including, but not limited to, all policies issued by any insurer and all communications with any insurers, including, but not limited to, reservation-of-rights letters.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:** Produce all indemnification agreements between YOU and any THIRD PARTY or VENDOR under which that THIRD PARTY or VENDOR might be responsible for satisfying all or part of a judgment that may be entered against YOU in this action.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:** Produce all communications between YOU and any PERSON that may provide a defense or indemnity for YOU in this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:** Produce all DOCUMENTS that define or describe YOUR DOCUMENT retention, preservation and destruction POLICIES or practices, including DOCUMENTS pertaining to placing automated and/or TELEMARKETING calls. This request includes but is not limited to DOCUMENTS relevant to the retention of server logs.

**RESPONSE:**

1    **REQUEST FOR PRODUCTION NO. 37:** Produce all DOCUMENTS concerning the

2    approval or disapproval by YOUR officers, shareholders, or board of directors to place

3    automated and/or TELEMARKETING calls, including any agendas, meetings, minutes,

4    correspondence or memoranda.

5    **RESPONSE:**

6

7    **REQUEST FOR PRODUCTION NO. 38:** Produce all DOCUMENTS concerning

8    TELEMARKETING.

9    **RESPONSE:**

10

11    **REQUEST FOR PRODUCTION NO. 39:** Produce all DOCUMENTS related to any of

12    the RELEVANT ENTITIES, including but not limited to all communications with any of them.

13    **RESPONSE:**

14

15    **REQUEST FOR PRODUCTION NO. 40:** Produce DOCUMENTS sufficient to

16    identify YOUR shareholders, owners, members, partners and corporate structure during the

17    relevant time period.

18    **RESPONSE:**

19

20    **REQUEST FOR PRODUCTION NO. 41:** Produce a complete organizational chart for

21    YOU, or if YOUR operations are subdivided into departments, then produce the organizational

22    chart for (a) the department(s) responsible for placing TELEMARKETING calls; (b) the

23    department(s) responsible for purchasing, maintaining or operating the system(s) used to place

24    TELEMARKETING calls; (c) the department(s) responsible for hiring or managing any

25    VENDOR used to place TELEMARKETING calls; and (d) the department(s) responsible for

26    purchasing, maintaining or operating the system(s) used to store lists, DATABASE(S) or

27    DOCUMENTS containing logs of calls or logs of purported consent to receive calls.

28

1    **RESPONSE:**

2

3    **REQUEST FOR PRODUCTION NO. 42:** Produce all DOCUMENTS related to any

4    affirmative defense set forth in answers by YOU to complaints in this action.

5    **RESPONSE:**

6

7    **REQUEST FOR PRODUCTION NO. 43:** Produce all DOCUMENTS identified in

8    YOUR Federal Rule of Civil Procedure 26(a)(1) initial disclosures.

9    **RESPONSE:**

10

11   **REQUEST FOR PRODUCTION NO. 44:** Produce all DOCUMENTS identified in or

12   related to YOUR answers to interrogatories served on YOU in this case.

13   **RESPONSE:**

14

15   **REQUEST FOR PRODUCTION NO. 45:** Produce all transcripts and video-recordings

16   of depositions of YOUR employees in TCPA or telemarketing cases or administrative

17   proceedings.

18   **RESPONSE:**

19

20   **REQUEST FOR PRODUCTION NO. 46:** Produce all reports by any expert in any

21   TCPA case to which YOU are or have been a party.

22   **RESPONSE:**

23

24   **REQUEST FOR PRODUCTION NO. 47:** Produce unredacted versions of all redacted

25   or sealed papers (including exhibits of whatever medium) filed by any party in any TCPA

26   lawsuit to which YOU are or were a party.

27   **RESPONSE:**

28

- 19 -

**REQUEST FOR PRODUCTION NO. 48:** Please produce all recordings of calls with any of the PLAINTIFFS or putative class members, and all ESI concerning the same. The ESI in question includes but is not limited to all metadata concerning the recordings—including but not limited to date, time, called number, caller ID, length, any automated flags with which the recording is tagged and all data from the CRM profile to which the recording is associated— regardless of whether or not such metadata is affixed to the recording's file itself or stored in a separate database.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 49:** Please produce all DOCUMENTS concerning putative class members, or any of them.

**RESPONSE:**

SERVED AND PROPOUNDED on November 7, 2019.

By: */s/ Jon B. Fougner*
  Jon B. Fougner

  Anthony I. Paronich, *Admitted Pro Hac Vice*
  anthony@bparonichlaw.com
  PARONICH LAW, P.C.
  350 Lincoln Street, Suite 2400
  Hingham, Massachusetts 02043
  Telephone: (617) 485-0018
  Facsimile: (508) 318-8100

  Edward A. Broderick, *Admitted Pro Hac Vice*
  ted@broderick-law.com
  BRODERICK LAW,  P.C.
  99 High Street, Suite 304
  Boston, Massachusetts 02110
  Telephone: (617) 738-7080
  Facsimile: (617) 830-0327

- 20 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Matthew P. McCue, *Pro Hac Vice Forthcoming*
mmccue@massattorneys.net
THE LAW OFFICE OF MATTHEW P. McCUE
1 South Avenue, Suite 3
Natick, Massachusetts 01760
Telephone: (508) 655-1415
Facsimile: (508) 319-3077

Andrew W. Heidarpour, *Pro Hac Vice Forthcoming*
AHeidarpour@HLFirm.com
HEIDARPOUR LAW FIRM, PPC
1300 Pennsylvania Ave. NW, 190-318
Washington, DC 20004
Telephone: (202) 234-2727

*Attorneys for Plaintiff Sidney Naiman and the Proposed Class*

1

## **PROOF OF SERVICE**

2
     I, Jon B. Fougner, declare that on November 7, 2019, I was at least 18 years of age and not a party to this action and sent the foregoing to:

3

4
     Daniel Rockey: daniel.rockey@bclplaw.com

5
     Signed on November 7, 2019, under penalty of perjury under the laws of the United States.

6

7
             By: */s/ Jon B. Fougner*

8
                Jon B. Fougner (State Bar No. 314097)
                jon@fougnerlaw.com

9
                600 California Street, 11th Floor
                San Francisco, California 94108

10
                Telephone: (415) 577-5829
                Facsimile: (206) 338-0783

11

12
                *One of the Attorneys for Plaintiff Sidney Naiman*
                *and the Proposed Class*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Meryl Macklin (State Bar No.: 115053)
Daniel T. Rockey (State Bar No.: 178604)
Thomas P. Kinzinger (State Bar No.: 323889)
**BRYAN CAVE LEIGHTON PAISNER LLP**
Three Embarcadero Center, 7th Floor
San Francisco, CA  94111-4070
Telephone:      (415) 675-3400
Facsimile:      (415) 675-3434
E-Mail:         meryl.macklin@bclplaw.com
                daniel.rockey@bclplaw.com
                thomas.kinzinger@bclplaw.com

Attorneys for Defendant
SELECTQUOTE INSURANCE SERVICES

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEBORAH SCHICK, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>SELECTQUOTE INSURANCE SERVICES,<br><br>        Defendant. | Case No. 3:19-cv-04902-LB<br><br>**DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS AND INTERROGATORIES TO SELECTQUOTE INSURANCE SERVICES** |

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA  94111-4070

601490876.1

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

PROPOUNDING PARTY:   Deborah Schick

RESPONDING PARTY:   SelectQuote Insurance Services

SET NUMBER:   One (1)

Defendant SelectQuote Insurance Services ("SelectQuote") makes the following responses to Plaintiff's first set of interrogatories and requests for production.

## I.   INTERROGATORIES

**INTERROGATORY NO. 1:**  Identify by make, model, structure, and location the system(s), platform(s), and/or equipment used by YOU, or any VENDOR, to place TELEMARKETING calls.

**ANSWER:**  SelectQuote objects to this interrogatory on the grounds that it fails to comply with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues. SelectQuote further objects to the interrogatory as not reasonably calculated to lead to the discovery of admissible evidence, in that the undisputed evidence shows that SelectQuote made no calls to Plaintiff, and to the extent it calls for information protected by the attorney-client privilege.

**INTERROGATORY NO. 2:**  Identify any DATABASES, lists, or other computer systems or equipment YOU used to maintain records of TELEMARKETING calls YOU, or any VENDOR, placed.

**ANSWER:**  SelectQuote objects to this interrogatory on the grounds that it fails to comply with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues. SelectQuote objects to this interrogatory on the grounds that it fails to comply with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues. SelectQuote further objects to the interrogatory as not reasonably calculated to lead to the discovery of admissible evidence, in that SelectQuote made no calls to Plaintiff and maintains no databases on behalf of any third parties, and to the extent it calls for information protected by the attorney-client privilege.  Subject to the foregoing objections and without waiving them, SelectQuote responds

1

601490876.1

that it will produce a screenshot of the software used to record the transfer of Plaintiff's call to SelectQuote.

**INTERROGATORY NO. 3:**  Identify any DATABASES, lists, or other computer systems or equipment YOU used to maintain records of a PERSON's purported consent to receive TELEMARKETING calls from YOU or a VENDOR or revocation thereof, specifically indicating the location of such DATABASES, lists or other computer systems.

**ANSWER:**  SelectQuote objects to this interrogatory on the grounds that it fails to comply with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues. SelectQuote further objects to the interrogatory as not reasonably calculated to lead to the discovery of admissible evidence in that the undisputed evidence shows that SelectQuote made no calls to Plaintiff, and to the extent it calls for information protected by the attorney-client privilege.  Subject to and without waiving the foregoing objections, SelectQuote responds that it will produce a screenshot of the software used to record the transfer of Plaintiff's call to SelectQuote.

**INTERROGATORY NO. 4:**  For each system, equipment, and DATABASE identified in the foregoing interrogatories, identify the primary PERSONS responsible for its maintenance or operation.

**ANSWER:**  SelectQuote objects to this interrogatory on the grounds that it fails to comply with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues. SelectQuote further objects to the interrogatory as not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it calls for information protected by the attorney-client privilege.

**INTERROGATORY NO. 5:**  Identify all VENDORS whose work relates to TELEMARKETING, and describe the services each such VENDOR performs.

**ANSWER:**  SelectQuote objects to this interrogatory on the grounds that it fails to comply with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues..

SelectQuote further objects that the interrogatory is vague and ambiguous, seeks information equally available to plaintiff in the SelectQuote has previously identified all entities

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA  94111-4070

involved in obtaining Plaintiff's lead and placing a call to Plaintiff, is not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it calls for information protected by the attorney-client privilege.

**INTERROGATORY NO. 6:**   Describe any policies or practices YOU used during the relevant time period related to compliance with the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the time period each policy was in force.

**ANSWER:**  SelectQuote objects to this interrogatory on the grounds that it fails to comply with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues.

SelectQuote further objects to the interrogatory as not reasonably calculated to lead to the discovery of admissible evidence in that the undisputed evidence shows that SelectQuote made no calls to Plaintiff, and to the extent it calls for information protected by the attorney-client privilege.  Subject to and without waiving the foregoing objections, SelectQuote will produce its policies and practices regarding compliance with the TCPA.

**INTERROGATORY NO. 7:**   Describe any policies YOU used during the relevant time period related to compliance with the E-SIGN Act, 15 U.S.C. §§ 7001 *et seq.*, when obtaining prior express written consent within the meaning of the TCPA and the time period each policy was in force.

**ANSWER:**  SelectQuote objects to this interrogatory on the grounds that it fails to comply with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues..

SelectQuote further objects to the interrogatory as not reasonably calculated to lead to the discovery of admissible evidence, to the extent it assumes the applicability of the E-SIGN Act, and to the extent it calls for information protected by the attorney-client privilege.

**INTERROGATORY NO. 8:**   Identify each PERSON involved in training YOUR employees or VENDORS regarding TELEMARKETING. Please include in YOUR answer a brief description of each PERSON's responsibilities regarding the training, and the dates of any training provided.

**ANSWER:**  SelectQuote objects to this interrogatory on the grounds that it fails to comply with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues..

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

3

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

SelectQuote further objects that the interrogatory is not reasonably calculated to lead to the discovery of admissible evidence in that the undisputed evidence shows that SelectQuote made no calls to Plaintiff, is unintelligible with respect to VENDORS, and to the extent it calls for information protected by the attorney-client privilege.  Subject to and without waiving the foregoing objections, SelectQuote will produce material used to train its own employees on compliance with the TCPA.

**INTERROGATORY NO. 9:**   For every spreadsheet, database, call log, lead log or consent log YOU have produced in this action, describe when, by whom, and how it was created, including the SQL query or other criteria for the data included in it.

**ANSWER:**  SelectQuote objects to this interrogatory on the grounds that it fails to comply with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues.

SelectQuote further objects to this interrogatory as vague and ambiguous, unintelligible in that SelectQuote produced no such documents, and to the extent it calls for information protected by the attorney-client privilege.

**INTERROGATORY NO. 10:**  Identify all people with knowledge relevant to claims or defenses in this case.

**ANSWER:**  SelectQuote objects to this interrogatory on the grounds that it fails to comply with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues..

SelectQuote further objects to this interrogatory as vague and ambiguous, duplicative of initial disclosures, and to the extent it calls for information protected by the attorney-client privilege.

**INTERROGATORY NO. 11:**   How, if at all, do YOU use the National Do Not Call Registry?

**ANSWER:**  SelectQuote objects to this interrogatory on the grounds that it fails to comply with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues..

SelectQuote further objects to this interrogatory as vague and ambiguous, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it calls for information protected by the attorney-client privilege.

4

1    **INTERROGATORY NO. 12:**  How, if at all, do YOU determine that people have

2   provided prior express written consent to receive automated telemarketing by or on behalf of

3   YOU?

4    **ANSWER:**  SelectQuote objects to this interrogatory on the grounds that it fails to comply

5   with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues.

6    SelectQuote further objects to the interrogatory as not reasonably calculated to lead to the

7   discovery of admissible evidence, and to the extent it calls for information protected by the

8   attorney-client privilege.

9   Subject to, and without waiving the foregoing objections, SelectQuote responds that it

10   contractually requires its marketing partners who provide call transfers to comply with all

11   applicable laws and regulations, including the TCPA. In addition, SelectQuote trains its employees

12   to obtain express consent to call or text a consumer if provided with a phone number.

13    **INTERROGATORY NO. 13:**  Describe your dealings with the RELEVANT ENTITIES.

14    **ANSWER:**  SelectQuote objects to this interrogatory on the grounds that it fails to comply

15   with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues.

16   SelectQuote further objects to this interrogatory as vague and ambiguous, and to the extent it calls

17   for information protected by the attorney-client privilege.  Subject to, and without waiving the

18   above objections, SelectQuote responds that it has conducted a reasonably diligent search and has

19   located no documents evidencing any relationship between SelectQuote and Yasha Marketing or

20   Ez Health Medical.

21    **INTERROGATORY NO. 14:**  How many calls did DATALOT transfer to you?

22    **ANSWER:**  SelectQuote objects to this interrogatory on the grounds that it fails to comply

23   with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues.

24   SelectQuote further objects to this interrogatory as vague and ambiguous as to time and as to what

25   kinds of calls, as overbroad and not reasonably calculated to lead to the discovery of admissible

26   evidence, and to the extent it calls for information protected by the attorney-client privilege.

27

28

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA  94111-4070

5

Bryan Cave Leighton Paisner LLP
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111-4070

## II.   REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**  Produce all non-attorney-client-privileged DOCUMENTS used to draft responses to interrogatories propounded to YOU in this case.

**RESPONSE:**  SelectQuote objects to this request on the grounds that it fails to comply with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues. Subject to and without waiving the foregoing objections, SelectQuote responds that it will produce the documents it agrees to produce in responses to Plaintiff's requests.

**REQUEST FOR PRODUCTION NO. 2:**  Produce all DOCUMENTS concerning any of PLAINTIFFS, including any documents showing any alleged consent to receive automated and/or TELEMARKETING calls.

**RESPONSE:**  SelectQuote objects to this request on the grounds that it fails to comply with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues. SelectQuote further objects to this request to the extent it calls for any documents or information protected by the attorney-client privilege.   Subject to and without waiving the foregoing objections, SelectQuote responds that it will produce any evidence discovered in the course of a reasonably diligent search indicating that SelectQuote had knowledge of the alleged absence of consent by Plaintiff to be called.

**REQUEST FOR PRODUCTION NO. 3:**  Produce all DOCUMENTS concerning the system(s), platform(s), and/or equipment used by YOU, or any VENDOR, to place or store data about automated and/or TELEMARKETING calls. This request specifically includes, but is not limited to, all records of automated and/or TELEMARKETING calls that were placed, and all manuals or guides for such system(s), platform(s), and/or equipment.

**RESPONSE:**  SelectQuote objects to this request on the grounds that it fails to comply with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues..

SelectQuote further objects to this request as overbroad and not reasonably calculated to lead to the discovery of admissible evidence and to the extent it calls for any documents or information protected by the attorney-client privilege. Subject to and without waiving the

6

foreging objections, SelectQuote responds that it will produce a screenshot of the software it used to record the transfer of Plaintiff's call to SelectQuote.

**REQUEST FOR PRODUCTION NO. 4:**  Produce all DOCUMENTS concerning any DATABASES, lists, or other computer systems or equipment YOU use to maintain records of a PERSON's purported consent to receive automated and/or TELEMARKETING calls from YOU. This request specifically includes, but is not limited to, records YOU claim evidence consent, and any and all manuals or guides for computer systems or equipment used to maintain records of consent.

**RESPONSE:**  SelectQuote objects to this request on the grounds that it fails to comply with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues.

SelectQuote further objects to this request as overbroad and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it calls for any documents or information protected by the attorney-client privilege.  Subject to and without waiving the foreging objections, SelectQuote responds that it will produce any evidence discovered in the course of a reasonably diligent search indicating that SelectQuote had knowledge of the alleged absence of consent by Plaintiff to be called.

**REQUEST FOR PRODUCTION NO. 5:**  Produce all DOCUMENTS concerning the DATABASES, lists, or other computer systems or equipment YOU use to record a PERSON's revocation of consent to receive automated and/or TELEMARKETING calls.

**RESPONSE:**  SelectQuote objects to this request on the grounds that it fails to comply with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues.

SelectQuote further objects to this request as not reasonably calculated to lead to the discovery of admissible evidence in that the undisputed evidence shows that Plaintiff never revoked consent to be contacted, and to the extent it calls for any documents or information protected by the attorney-client privilege.

**REQUEST FOR PRODUCTION NO. 6:**  Produce all data dictionaries or keys to data tables for:

7

601490876.1

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA  94111-4070

1    a.    each system, platform, and/or equipment used by YOU, or any VENDOR,

2 to place automated and/or TELEMARKETING calls;

3    b.    each DATABASE, list, or other computer system or equipment YOU use to

4 maintain records of a PERSON's purported consent to receive automated and/or

5 TELEMARKETING calls; and

6    c.    each DATABASE, list, or other computer system or equipment YOU use to

7 record a PERSON's revocation of consent to receive automated and/or TELEMARKETING calls.

8 **RESPONSE:**  SelectQuote objects to this request on the grounds that it fails to comply

9 with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues.

10 SelectQuote further objects to this request as not reasonably calculated to lead to the

11 discovery of admissible evidence, as compound and improperly composed of multiple subparts,

12 and to the extent it calls for any documents or information protected by the attorney-client

13 privilege.

14 **REQUEST FOR PRODUCTION NO. 7:**  Produce all DOCUMENTS concerning

15 YOUR records of any automated and/or TELEMARKETING calls placed by YOU or any

16 VENDOR, or on YOUR behalf, including, but not limited to, the following:

17    a.    The date and time each call was placed;

18    b.    The number of calls placed;

19    c.    The telephone numbers and area codes to which each call was placed;

20    d.    The result of each call;

21    e.    The content of each call;

22    f.    Identifying information for the PERSON(S) who received the calls (e.g.,

23 name, address, email address, etc.) and, if different, identifying information for the PERSON(S) to

24 whom the calls were intended to be placed;

25    g.    The telephone numbers for all outgoing telephone lines that were used in

26 placing the calls;

27    h.    The identity of the companies or carriers that were used to place the calls;

28 and

8

601490876.1

1           i.       Recipients' responses, whether by live voice, IVR, SMS or otherwise, to

2    each call;

3           j.       Any other information regarding the calls (e.g., reports, data compilations,

4    verifications, electronic signature records, transmission reports, call, recordings, etc.).

5    **RESPONSE:**  SelectQuote objects to this request on the grounds that it fails to comply

6    with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues.

7    SelectQuote further objects to this request as not reasonably calculated to lead to the

8    discovery of admissible evidence, as compound and improperly composed of multiple subparts,

9    and to the extent it calls for any documents or information protected by the attorney-client

10    privilege. Subject to, and without waiving the above objections, SelectQuote responds that it will

11    produce a screenshot of the software used to record the transfer of Plaintiff's call to SelectQuote.

12    **REQUEST FOR PRODUCTION NO. 8:**   Produce all DOCUMENTS concerning any

13    leads or evidence of consent generated for or provided to YOU for purposes of placing automated

14    and/or TELEMARKETING calls, including, but not limited to, the DOCUMENTS containing the

15    following information:

16           a.       The dates the leads were generated;

17           b.       The number of leads;

18           c.       The VENDORS and affiliates, and *their* vendors and affiliates, involved in

19    the generation of the lead;

20           d.       For leads from websites, all server logs, timestamps, clickstreams, URLs,

21    referring URLs, exit URLs, IP addresses, device IDs, code, screenshots, access logs, error logs,

22    terms of service, privacy policies, TCPA disclosures, other recorded user or website behavior,

23    hosts and DOCUMENTS that identify any VENDOR or THIRD PARTY used to, or that can,

24    measure or estimate site traffic, including, but not limited to, Alexa, Chartbeat, Compete,

25    Comscore, Google Analytics, Mixpanel, and Quantcast;

26           e.       All evidence of consent to receive calls;

27           f.       The profiles for each lead, including, but not limited to, the name, address,

28    telephone number, and area code for each lead; and

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA  94111-4070

9

g.      Any other information regarding the leads (e.g., reports, data compilations, verifications, electronic signature records, transmission reports, call recordings, etc.).

**RESPONSE:**  SelectQuote objects to this request on the grounds that it fails to comply with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues.

SelectQuote further objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, as compound and improperly composed of multiple subparts, and to the extent it calls for any documents or information protected by the attorney-client privilege. Subject to, and without waiving the above objections, SelectQuote responds that it will produce a screenshot of the software used to record the transfer of Plaintiff's call to SelectQuote.

**REQUEST FOR PRODUCTION NO. 9:**  If any DOCUMENTS responsive to the immediately preceding request are in the hands of THIRD PARTIES or a VENDOR, produce DOCUMENTS that identify those THIRD PARTIES or VENDORS.

**RESPONSE:**  SelectQuote objects to this request on the grounds that it fails to comply with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues..

SelectQuote further objects to this request as vague and ambiguous and unduly burdensome, on the grounds that SelectQuote previously identified all parties involved in obtaining Plaintiff's lead or placing a call to Plaintiff, and to the extent it calls for any documents or information protected by the attorney-client privilege.

**REQUEST FOR PRODUCTION NO. 10:** Produce all DOCUMENTS concerning the content of all calls placed by YOU, or a VENDOR, on YOUR behalf, including, but not limited to, any draft or proposed language. This request includes but is not limited to recordings of prerecorded or artificial voices used by YOU or a VENDOR.

**RESPONSE:**  SelectQuote objects to this request on the grounds that it fails to comply with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues..

SelectQuote further objects to this request to the extent it calls for any documents or information protected by the attorney-client privilege and responds, subject to and without waiving the foregoing objections, that SelectQuote has already produced the relevant call recordings.

601490876.1

**REQUEST FOR PRODUCTION NO. 11:** Produce all DOCUMENTS, DATABASES, or list(s), concerning all VENDORS whose work relates to placing automated and/or TELEMARKETING calls, which DOCUMENTS concern such activities.

**RESPONSE:**   SelectQuote objects to this request on the grounds that it fails to comply with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues.

SelectQuote further objects to this request as vague and ambiguous and unduly burdensome, and to the extent it calls for any documents or information protected by the attorney-client privilege.  Subject to and without waiving the foregoing objections, SelectQuote responds that it will produce any evidence discovered in the course of a reasonably diligent search indicating that SelectQuote had knowledge of the alleged absence of consent by Plaintiff to be called.

**REQUEST FOR PRODUCTION NO. 12:** Produce all DOCUMENTS that concern any assertion that the recipients of YOUR automated and/or TELEMARKETING calls gave prior express consent to receive them.

**RESPONSE:**   SelectQuote objects to this request on the grounds that it fails to comply with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues.

SelectQuote further objects to this request as overbroad, vague and ambiguous and to the extent it calls for any documents or information protected by the attorney-client privilege. Subject to and without waiving the foregoing objections, SelectQuote responds that it will produce any evidence discovered in the course of a reasonably diligent search indicating that SelectQuote had knowledge of the alleged absence of consent by Plaintiff to be called.

**REQUEST FOR PRODUCTION NO. 13:** Produce all documents that support any assertion that YOU or a VENDOR made clear and conspicuous disclosures to recipients of your automated and/or TELEMARKETING calls (a) that the calls would be automated, (b) regarding who was the specific seller of the products marketed, and/or (c) that one could buy YOUR products or services without consenting to such calls.

11

**RESPONSE:**   SelectQuote objects to this request on the grounds that it fails to comply with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues.

SelectQuote further objects to this request as overbroad, vague and ambiguous, and to the extent it calls for any documents or information protected by the attorney-client privilege. SelectQuote further responds, subject to and without waiver of the foregoing objections, that SelectQuote previously produced all evidence in its custody or control regarding consent.

**REQUEST FOR PRODUCTION NO. 14:** Produce all DOCUMENTS concerning whether any purported prior express written consent obtained from any of PLAINTIFFS or putative class members complied with the E-SIGN Act, 15 U.S.C. §§ 7001 *et seq.*

**RESPONSE:**   SelectQuote objects to this request on the grounds that it fails to comply with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues.

SelectQuote further objects to this request as not reasonably calculated to the lead to the discovery of admissible evidence, and to the extent it calls for any documents or information protected by the attorney-client privilege.

**REQUEST FOR PRODUCTION NO. 15:** Produce all DOCUMENTS evidencing all policies and practices related to placing automated and/or TELEMARKETING calls, and a timeline indicating the periods during which each such policy was in effect. This request specifically includes, but is not limited to, policies related to the following:

  a. The frequency with which calls are placed to the same number;

  b. Scripts;

  c. Reasons triggering the addition of a PERSON's name or telephone number to the list of those receiving calls;

  d. When and how calls would be placed (e.g., the VENDOR, equipment, computer system, or other program, etc.);

  e. Compliance with the TCPA, including, but not limited to the rules, regulations, opinions, advisories, comments or filings of the Federal Communications Commission that relate to 47 U.S.C. § 227 or 47 C.F.R. § 64.1200;

  f. Obtaining or verifying prior express consent;

12

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA  94111-4070

1                g.        Determining whether a PERSON has revoked consent and/or opted out

2 from receiving calls from YOU;

3                h.        Placing automated calls to PERSONS who have revoked consent and/or

4 opted out;

5                i.        Complying with E-SIGN Act, 15 U.S.C. §§ 7001 *et seq.*; and

6                j.        The handling of do-not-call requests.

**RESPONSE:**  SelectQuote objects to this request on the grounds that it fails to comply with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues..

SelectQuote further objects to this request to the extent it calls for any documents or information protected by the attorney-client privilege.  Subject to and without waiving the foregoing objections, SelectQuote responds that it will produce documents reflecting its policies and practices regarding obtaining consent to be contacted.

**REQUEST FOR PRODUCTION NO. 16:** Produce all DOCUMENTS concerning the failure, alleged failure, or possible failure of VENDORS to comply with the parameters of any agreements, contracts, scopes of work, or other instruction(s) imposed by YOU regarding placing automated and/or TELEMARKETING calls.

**RESPONSE:**  SelectQuote objects to this request on the grounds that it fails to comply with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues..

SelectQuote further objects to this request to the extent it calls for any documents or information protected by the attorney-client privilege.

Subject to and without waiving the foregoing objections, SelectQuote responds that it will produce any evidence discovered in the course of a reasonably diligent search indicating that SelectQuote had knowledge of the alleged absence of consent by Plaintiff to be called.

**REQUEST FOR PRODUCTION NO. 17:** Produce all DOCUMENTS concerning the failure, alleged failure or possible failure of VENDORS to comply with YOUR policies related to placing automated and/or TELEMARKETING calls, including, but not limited to, DOCUMENTS concerning the failure, alleged failure, or possible failure of VENDORS to comply with the E-SIGN Act, 15 U.S.C. §§ 7001 *et seq.* or to honor do-not-call requests.

13

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA  94111-4070

**RESPONSE:**   SelectQuote objects to this request for production on grounds that the Court's order of November 14, 2019 clearly limited discovery to jurisdictional and standing issues.

SelectQuote further objects to this request to the extent it calls for any documents or information protected by the attorney-client privilege.

Subject to, and without waiving the above objections, SelectQuote has conducted a reasonably diligent search and has located no documents evidencing any relationship between SelectQuote and Yasha Marketing , Ez Health Medical or NTS.

**REQUEST FOR PRODUCTION NO. 18:** Produce all DOCUMENTS concerning YOUR failure, alleged failure or possible failure to comply with YOUR policies related to placing automated and/or TELEMARKETING calls, including, but not limited to, DOCUMENTS concerning YOUR failure, alleged failure or possible failure to comply with the E-SIGN Act, 15 U.S.C. §§ 7001 *et seq.* or to honor do-not-call requests.

**RESPONSE:**   SelectQuote objects to this request for production on grounds that the Court's order of November 14, 2019 clearly limited discovery to jurisdictional and standing issues.

SelectQuote further objects to this request to the extent it calls for any documents or information protected by the attorney-client privilege. Subject to and without waiving the foregoing objections, SelectQuote responds that it will produce any evidence discovered in the course of a reasonably diligent search indicating that SelectQuote had knowledge of the alleged absence of consent by Plaintiff to be called.

**REQUEST FOR PRODUCTION NO. 19:** Produce all DOCUMENTS concerning all policies regarding the generation of leads for purposes of placing automated and/or TELEMARKETING calls, including, but not limited to, policies related to confirming the validity of leads.

**RESPONSE:**   SelectQuote objects to this request for production on grounds that the Court's order of November 14, 2019 clearly limited discovery to jurisdictional and standing issues.

14

SelectQuote further objects to this request to the extent it calls for any documents or information protected by the attorney-client privilege. Subject to and without waiving the foregoing objections, SelectQuote responds that it will produce documents reflecting its policies and practices regarding obtaining consent to be contacted.

**REQUEST FOR PRODUCTION NO. 20:** Produce all DOCUMENTS concerning the failure, alleged failure or possible failure of VENDORS to comply with the parameters of any agreements, contracts, scopes of work, or other instruction(s) imposed by YOU regarding the generation of leads for purposes of placing automated and/or TELEMARKETING calls.

**RESPONSE:**   SelectQuote objects to this request for production on grounds that the Court's order of November 14, 2019 clearly limited discovery to jurisdictional and standing issues.

SelectQuote further objects to this request to the extent it calls for any documents or information protected by the attorney-client privilege.

Subject to, and without waiving the above objections, SelectQuote responds that it has conducted a reasonably diligent search and has located no documents evidencing any relationship between SelectQuote and Yasha Marketing, Ez Health Medical or NTS, and that it will produce any evidence discovered in the course of a reasonably diligent search indicating that SelectQuote had knowledge of the alleged absence of consent by Plaintiff to be called.

**REQUEST FOR PRODUCTION NO. 21:** Produce all DOCUMENTS concerning the failure, alleged failure or possible failure of VENDORS to comply with YOUR policies related to the generation of leads for purposes of placing automated and/or TELEMARKETING calls, including, but not limited to, DOCUMENTS related to the failure, alleged failure or possible failure of VENDORS to obtain valid prior express written consent from the actual recipients of calls.

**RESPONSE:**   SelectQuote objects to this request for production on grounds that the Court's order of November 14, 2019 clearly limited discovery to jurisdictional and standing issues.

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA  94111-4070

15

1  SelectQuote further objects to this request to the extent it calls for any documents or

2  information protected by the attorney-client privilege.

3  Subject to, and without waiving the above objections, SelectQuote responds that it has

4  conducted a reasonably diligent search and has located no documents evidencing any relationship

5  between SelectQuote and Yasha Marketing,  or Ez Health Medical or NTS, and that it will

6  produce any evidence discovered in the course of a reasonably diligent search indicating that

7  SelectQuote had knowledge of the alleged absence of consent by Plaintiff to be called.

8  **REQUEST FOR PRODUCTION NO. 22:** Produce all DOCUMENTS concerning

9  YOUR failure, alleged failure or possible failure to comply with YOUR policies related to the

10  generation of leads for purposes of placing automated calls, including, but not limited to,

11  DOCUMENTS and communications related to YOUR failure, alleged failure or possible failure to

12  validate any lead(s).

13  **RESPONSE:**  SelectQuote objects to this request on the grounds that it fails to comply

14  with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues.

15  SelectQuote further objects to this request to the extent it calls for any documents or

16  information protected by the attorney-client privilege. Subject to, and without waiving the above

17  objections, SelectQuote responds that it will produce any evidence discovered in the course of a

18  reasonably diligent search indicating that SelectQuote had knowledge of the alleged absence of

19  consent by Plaintiff to be called.

20

21  **REQUEST FOR PRODUCTION NO. 23:** Produce all materials, business plans,

22  memoranda, minutes, or other DOCUMENTS that reference placing automated and/or

23  TELEMARKETING calls and/or generating leads for such purposes, including any such materials

24  directed to THIRD PARTIES.

25  **RESPONSE:**  SelectQuote objects to this request on the grounds that it fails to comply

26  with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues.

27

28

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

16

SelectQuote further objects to this request as not reasonably calculated to lead to the discovery of admissible evidence and to the extent it calls for any documents or information protected by the attorney-client privilege.

**REQUEST FOR PRODUCTION NO. 24:** Produce all contracts with or other DOCUMENTS concerning all RELEVENT ENTITIES. This request includes drafts of such DOCUMENTS and correspondence regarding the same.

**RESPONSE:**   SelectQuote objects to this request on the grounds that it fails to comply with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues.

SelectQuote further objects to this request to the extent it calls for any documents or information protected by the attorney-client privilege.

Subject to, and without waiving the above objections, SelectQuote responds that it has conducted a reasonably diligent search and has located no documents evidencing any relationship between SelectQuote, Yasha Marketing, Ez Health Medical or NTS.  SelectQuote further responds that Datalot has already produced to Plaintiff copies of SelectQuote's agreement with Datalot.

**REQUEST FOR PRODUCTION NO. 25:** Produce all DOCUMENTS relating to the training YOU, or any PERSON acting on YOUR behalf, provided to any VENDORS regarding techniques, methods, systems, or procedures for placing automated and/or TELEMARKETING calls for purposes of marketing YOUR products or services and/or generating leads relating to such calls.

**RESPONSE:**   SelectQuote objects to this request on the grounds that it fails to comply with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues.

SelectQuote further objects to this request to the extent it calls for any documents or information protected by the attorney-client privilege._ Subject to and without waiving the foregoing objections, SelectQuote responds that it does not provide training to Yasha Marketing, or Ez Health Medical or NTS.

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA  94111-4070

17

601490876.1

**REQUEST FOR PRODUCTION NO. 26:** Produce all letters, emails, voicemails, text messages, instant messages, social media messages and other communications between YOU and any VENDOR concerning automated and/or TELEMARKETING calls.

**RESPONSE:**  SelectQuote objects to this request on the grounds that it fails to comply with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues.

SelectQuote further objects to this request as wildly overbroad and unduly burdensome and to the extent it calls for any documents or information protected by the attorney-client privilege.

Subject to, and without waiving the above objections, SelectQuote responds that it has conducted a reasonably diligent search and has located no documents evidencing any relationship between SelectQuote, andYasha Marketing, Ez Health Medical, or NTS

**REQUEST FOR PRODUCTION NO. 27:** Produce all DOCUMENTS relating to any payments made by YOU to any VENDOR.

**RESPONSE:**  SelectQuote objects to this request on the grounds that it fails to comply with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues.

SelectQuote further objects to this request to the extent it calls for any documents or information protected by the attorney-client privilege.

Subject to, and without waiving the above objections, SelectQuote responds that it has conducted a reasonably diligent search and has located no documents evidencing any relationship between SelectQuote and Yasha Marketing,Ez Health Medical or NTS.

**REQUEST FOR PRODUCTION NO. 28:** Produce all complaints made to YOU concerning automated and/or TELEMARKETING calls and or lead generation by YOU, or any VENDOR, including, but not limited to, lists or DATABASE(S) containing complaints, the content of complaints, and the names, addresses, telephone numbers, and email addresses of all PERSONS believed to have made complaints. This request specifically includes any complaints to YOU by mail, email, or telephone; submitted through online forms or social media; submitted to any government agency; submitted to any other organization such as the Better Business Bureau, Chamber of Commerce, FCC, FTC, or other organization of any kind.

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA  94111-4070

18

601490876.1

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA   94111-4070

1    **RESPONSE:**   SelectQuote objects to this request on the grounds that it fails to comply

2    with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues.

3         SelectQuote further objects to this request as overbroad and unduly burdensome, not

4    reasonably calculated to lead to the discovery of admissible evidence, and to the extent it calls for

5    any documents or information protected by the attorney-client privilege.  Subject to, and without

6    waiving the above objections, SelectQuote responds that it has conducted a reasonably diligent

7    search and has located no documents evidencing any relationship between SelectQuote and Yasha

8    Marketing, Ez Health Medical or NTS, and that it will produce any evidence discovered in the

9    course of a reasonably diligent search indicating that SelectQuote had knowledge of the alleged

10   absence of consent by Plaintiff to be called.

11

12        **REQUEST FOR PRODUCTION NO. 29:** Produce all DOCUMENTS concerning

13   requests by any PERSON that YOU, or any VENDOR, stop calling. This request includes, but is

14   not limited to, requests made by email, letter, SMS, IVR, or other forms of communication, as

15   well as any DATABASES identifying or listing the names, addresses, telephone numbers, or

16   email addresses of PERSONS who made such requests.

17        **RESPONSE:**   SelectQuote objects to this request on the grounds that it fails to comply

18   with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues.

19        SelectQuote further objects to this request as overbroad, not reasonably calculated to lead

20   to the discovery of admissible evidence, and to the extent it calls for any documents or information

21   protected by the attorney-client privilege.

22        **REQUEST FOR PRODUCTION NO. 30:** Produce all lists or DATABASE(S) that

23   constitute any do-not-call list or do-not-contact list provided by YOU to any VENDORS identified

24   or provided by any VENDORS to YOU.

25        **RESPONSE:**   SelectQuote objects to this request on the grounds that it fails to comply

26   with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues.

27        SelectQuote further objects to this request to the extent it calls for any documents or

28   information protected by the attorney-client privilege.

19

601490876.1

Subject to, and without waiving the above objections, SelectQuote responds that it has conducted a reasonably diligent search and has located no documents evidencing any relationship between SelectQuote and Yasha Marketing, Ez Health Medical or NTS.

**REQUEST FOR PRODUCTION NO. 31:** Produce all DOCUMENTS concerning all policies regarding whether and how YOU ensure compliance with a PERSON's request to YOU or any VENDOR to stop calling or to stop calling via a particular means or for a particular purpose.

**RESPONSE:**  SelectQuote objects to this request on the grounds that it fails to comply with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues.

SelectQuote further objects to this request to the extent it calls for any documents or information protected by the attorney-client privilege.

Subject to, and without waiving the above objections, SelectQuote responds that it will produce documents reflecting its policies and practices regarding requests not to be called.

**REQUEST FOR PRODUCTION NO. 32:** Produce all DOCUMENTS constituting or referring to audits, investigations, inquiries, or studies, by YOU or any THIRD PARTY, including, but not limited to, any independent auditor, law firm, or governmental agency, regarding the compliance by YOU, or any VENDOR acting on YOUR behalf, with any state or federal laws or regulations involving placing automated and/or TELEMARKETING calls, including regarding generating leads for such purposes.

**RESPONSE:**  SelectQuote objects to this request on the grounds that it fails to comply with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues.

SelectQuote further objects to this request as overbroad and unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it calls for any documents or information protected by the attorney-client privilege.

**REQUEST FOR PRODUCTION NO. 33:** Produce all DOCUMENTS concerning insurance coverage of the acts alleged by PLAINTIFFS, including, but not limited to, all policies

Bryan Cave Leighton Paisner LLP
Three Embarcadero Center, 7th Floor
San Francisco, CA  94111-4070

20

1   issued by any insurer and all communications with any insurers, including, but not limited to,

2   reservation-of-rights letters.

3          **RESPONSE:**   SelectQuote objects to this request on the grounds that it fails to comply

4   with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues.

5          SelectQuote further objects to this request as not reasonably calculated to lead to the

6   discovery of admission evidence and to the extent it calls for any documents or information

7   protected by the attorney-client privilege.

8          **REQUEST FOR PRODUCTION NO. 34:** Produce all indemnification agreements

9   between YOU and any THIRD PARTY or VENDOR under which that THIRD PARTY or

10  VENDOR might be responsible for satisfying all or part of a judgment that may be entered against

11  YOU in this action.

12         **RESPONSE:**   SelectQuote objects to this request on the grounds that it fails to comply

13  with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues.

14         SelectQuote further objects to this request to the extent it calls for any documents or

15  information protected by the attorney-client privilege.

16         Subject to, and without waiving the above objections, SelectQuote responds that Datalot

17  has produced copies of agreements with SelectQuote which specify the bases for indemnification.

18         **REQUEST FOR PRODUCTION NO. 35:** Produce all communications between YOU

19  and any PERSON that may provide a defense or indemnity for YOU in this lawsuit.

20         **RESPONSE:**   SelectQuote objects to this request on the grounds that it fails to comply

21  with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues.

22         SelectQuote further objects to this request as overbroad and unduly burdensome, and to the

23  extent it calls for any documents or information protected by the attorney-client privilege.

24         **REQUEST FOR PRODUCTION NO. 36:** Produce all DOCUMENTS that define or

25  describe YOUR DOCUMENT retention, preservation and destruction POLICIES or practices,

26  including DOCUMENTS pertaining to placing automated and/or TELEMARKETING calls. This

27  request includes but is not limited to DOCUMENTS relevant to the retention of server logs.

28

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

21

1    **RESPONSE:**  SelectQuote objects to this request on the grounds that it fails to comply

2    with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues.

3    SelectQuote further objects to this request as not reasonably calculated to lead to the

4    discovery of admissible evidence, and to the extent it calls for any documents or information

5    protected by the attorney-client privilege.

6

7

8    **REQUEST FOR PRODUCTION NO. 37:** Produce all DOCUMENTS concerning the

9    approval or disapproval by YOUR officers, shareholders, or board of directors to place automated

10   and/or TELEMARKETING calls, including any agendas, meetings, minutes, correspondence or

11   memoranda.

12   **RESPONSE:**  SelectQuote objects to this request on the grounds that it fails to comply

13   with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues.

14   SelectQuote further objects to this request as overbroad, vague and ambiguous, not

15   reasonably calculated to lead to the discovery of admissible evidence, and to the extent it calls for

16   any documents or information protected by the attorney-client privilege.

17   **REQUEST FOR PRODUCTION NO. 38:** Produce all DOCUMENTS concerning

18   TELEMARKETING.

19   **RESPONSE:**  SelectQuote objects to this request on the grounds that it fails to comply

20   with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues.

21   SelectQuote further objects to this request as overbroad, vague and ambiguous, unduly

22   burdensome, not reasonably calculated to the lead to the discovery of admissible evidence, and to

23   the extent it calls for any documents or information protected by the attorney-client privilege.

24   **REQUEST FOR PRODUCTION NO. 39:** Produce all DOCUMENTS related to any of

25   the RELEVANT ENTITIES, including but not limited to all communications with any of them.

26   **RESPONSE:**  SelectQuote objects to this request on the grounds that it fails to comply

27   with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues.

28

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

22

601490876.1

1    SelectQuote further objects to this request as not reasonably calculated to the lead to the

2   discovery of admissible evidence, and to the extent it calls for any documents or information

3   protected by the attorney-client privilege.

4    Subject to, and without waiving the above objections, SelectQuote responds that it has

5   conducted a reasonably diligent search and has located no documents evidencing any relationship

6   between SelectQuote and Yasha Marketing, Ez Health Medical or NTS.

7

8    **REQUEST FOR PRODUCTION NO. 40:** Produce DOCUMENTS sufficient to identify

9   YOUR shareholders, owners, members, partners and corporate structure during the relevant time

10   period.

11    **RESPONSE:**   SelectQuote objects to this request on the grounds that it fails to comply

12   with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues.

13    SelectQuote further objects to this request as not reasonably calculated to lead to the

14   discovery of admissible evidence, and to the extent it calls for any documents or information

15   protected by the attorney-client privilege.

16    **REQUEST FOR PRODUCTION NO. 41:** Produce a complete organizational chart for

17   YOU, or if YOUR operations are subdivided into departments, then produce the organizational

18   chart for (a) the department(s) responsible for placing TELEMARKETING calls; (b) the

19   department(s) responsible for purchasing, maintaining or operating the system(s) used to place

20   TELEMARKETING calls; (c) the department(s) responsible for hiring or managing any

21   VENDOR used to place TELEMARKETING calls; and (d) the department(s) responsible for

22   purchasing, maintaining or operating the system(s) used to store lists, DATABASE(S) or

23   DOCUMENTS containing logs of calls or logs of purported consent to receive calls.

24    **RESPONSE:**   SelectQuote objects to this request on the grounds that it fails to comply

25   with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues.

26    SelectQuote further objects to this request as not reasonably calculated to lead to the

27   discovery of admissible evidence, and to the extent it calls for any documents or information

28   protected by the attorney-client privilege.

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

23

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

1     **REQUEST FOR PRODUCTION NO. 42:** Produce all DOCUMENTS related to any

2     affirmative defense set forth in answers by YOU to complaints in this action.

3     **RESPONSE:**   SelectQuote objects to this request on the grounds that it fails to comply

4     with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues.

5     SelectQuote further objects to this request to the extent it calls for any documents or

6     information protected by the attorney-client privilege.  Subject to, and without waiving the above

7     objections, SelectQuote responds that it will produce any evidence discovered in the course of a

8     reasonably diligent search indicating that SelectQuote had knowledge of the alleged absence of

9     consent by Plaintiff to be called

10     **REQUEST FOR PRODUCTION NO. 43:** Produce all DOCUMENTS identified in

11     YOUR Federal Rule of Civil Procedure 26(a)(1) initial disclosures.

12     **RESPONSE:**   SelectQuote objects to this request on the grounds that it fails to comply

13     with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues.

14     SelectQuote further objects to this request to the extent it calls for any documents or

15     information protected by the attorney-client privilege.  Subject to and without waiving the

16     foregoing objections, SelectQuote responds that it has already produced such documents.

17     **REQUEST FOR PRODUCTION NO. 44:** Produce all DOCUMENTS identified in or

18     related to YOUR answers to interrogatories served on YOU in this case.

19     **RESPONSE:**   SelectQuote objects to this request on the grounds that it fails to comply

20     with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues.

21     SelectQuote further objects to this request to the extent it calls for any documents or

22     information protected by the attorney-client privilege. Subject to, and without waiving the above

23     objections, SelectQuote responds that it will produce any documents its agreed to produce in

24     response to Plaintiff's interrogatories.

25     **REQUEST FOR PRODUCTION NO. 45:** Produce all transcripts and video-recordings

26     of depositions of YOUR employees in TCPA or telemarketing cases or administrative

27     proceedings.

28

24

601490876.1

**RESPONSE:**  SelectQuote objects to this request on the grounds that it fails to comply with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues.

SelectQuote further objects to this request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it calls for any documents or information protected by the attorney-client privilege.

**REQUEST FOR PRODUCTION NO. 46:** Produce all reports by any expert in any TCPA case to which YOU are or have been a party.

**RESPONSE:**  SelectQuote objects to this request on the grounds that it fails to comply with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues.

SelectQuote further objects to this request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it calls for any documents or information protected by the attorney-client privilege.

**REQUEST FOR PRODUCTION NO. 47:** Produce unredacted versions of all redacted or sealed papers (including exhibits of whatever medium) filed by any party in any TCPA lawsuit to which YOU are or were a party.

**RESPONSE:**  SelectQuote objects to this request on the grounds that it fails to comply with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues.

SelectQuote further objects to this request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it calls for any documents or information protected by the attorney-client privilege.

**REQUEST FOR PRODUCTION NO. 48:** Please produce all recordings of calls with any of the PLAINTIFFS or putative class members, and all ESI concerning the same. The ESI in question includes but is not limited to all metadata concerning the recordings—including but not limited to date, time, called number, caller ID, length, any automated flags with which the recording is tagged and all data from the CRM profile to which the recording is associated— regardless of whether or not such metadata is affixed to the recording's file itself or stored in a separate database.

Bryan Cave Leighton Paisner LLP
Three Embarcadero Center, 7th Floor
San Francisco, CA  94111-4070

1      **RESPONSE:**  SelectQuote objects to this request on the grounds that it fails to comply

2 with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues.

3      SelectQuote further objects to this request as overbroad, unduly burdensome, not

4 reasonably calculated to lead to the discovery of admissible evidence, and to the extent it calls for

5 any documents or information protected by the attorney-client privilege.  SelectQuote further

6 responds that it has already produced recordings in its custody or control.

7      **REQUEST FOR PRODUCTION NO. 49:** Please produce all DOCUMENTS concerning

8 putative class members, or any of them.

9      **RESPONSE:**  SelectQuote objects to this request on the grounds that it fails to comply

10 with the Court's order of November 14, 2019 limiting initial discovery to jurisdictional issues.

11      SelectQuote further objects to this request as overbroad, unduly burdensome, not

12 reasonably calculated to lead to the discovery of admissible evidence, and to the extent it calls for

13 any documents or information protected by the attorney-client privilege.

14

15

16 Dated:    January 15, 2020            Daniel T. Rockey

17                                      **BRYAN CAVE LEIGHTON PAISNER LLP**

18

19                         By: _____

20                                    Daniel T. Rockey
                                   Attorneys for Defendant

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2

3     I am employed in the aforesaid County, State of California; I am over the age of eighteen years
and not a party to the within entitled action; my business address is:  Three Embarcadero Center, 7th
Floor, San Francisco, CA 94111.

4     On January 15, 2020, I caused to be served on the interested parties in said action the within:

5

6     • **DEFENDANT'S <u>AMENDED</u> RESPONSES AND OBJECTIONS TO PLAINTIFF'S
FIRST SET OF DOCUMENT REQUESTS AND INTERROGATORIES TO
SELECTQUOTE INSURANCE SERVICES**

7

8     by placing a true copy thereof in a sealed envelope addressed as follows:

9     Jon B. Fougner, Esq.                          *Attorneys for Plaintiff*
600 California Street, 11th Floor              Sidney Naiman

10    San Francisco, CA  94108
Tel: (415) 577-5829

11    Fax: (415) 338-0783
Email:  jon@fougnerlaw.com

12

13    **[ ] BY MAIL** -  I am "readily familiar" with the firm's practice of collection and processing
correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that

14    same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business.
I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or

15    postage meter date is more than one day after date of deposit for mailing in affidavit.

16    **[ ] BY OVERNIGHT DELIVERY** - Depositing the above document(s) in a box or other facility
regularly maintained by FedEx in an envelope or package designated by FedEx with delivery fees paid or

17    provided for.

18    **[X] BY E-MAIL** – I caused a true copy of the foregoing document(s) to be served by electronic
email transmission at the time shown on each transmission, to each interested party at the email address

19    shown above.  Each transmission was reported as complete and without error.

20    I declare under penalty of perjury under the laws of the State of California that the foregoing is true
and correct.

21

22    Executed on January 15, 2020, at San Francisco, California.

23

24

25    Bridgette Warren

26

27

28

601490876.1

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070