1  Meryl Macklin (State Bar No: 115053)
   Daniel T. Rockey (State Bar No: 178604)
2  Thomas P. Kinzinger (State Bar No: 323889 )
   BRYAN CAVE LEIGHTON PAISNER LLP
3  Three Embarcadero Center, 7th Floor
   San Francisco, CA  94111-4070
4  Telephone:      (415) 675-3400
   Facsimile:      (415) 675-3434
5  E-Mail:         meryl.macklin@bclplaw.com
                   daniel.rockey@bclplaw.com
6                  thomas.kinzinger@bclplaw.com

7  Attorneys for Defendant
   SELECTQUOTE INSURANCE SERVICES
8

9                  IN THE UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                     SAN FRANCISCO DIVISION

12

13  DEBORAH SCHICK, individually and on          Case No. 3:19-cv-04902-LB
    behalf of all others similarly situated,
14                                               **ANSWER TO FIRST AMENDED
                   Plaintiff,                    COMPLAINT**
15
         v.
16
    SELECTQUOTE INSURANCE SERVICES,
17  YASHA MARKETING LLC, and DATALOT,
    INC.,
18
                   Defendants.
19

20

21          Defendant SelectQuote Insurance Services ("SelectQuote") by and through its

22  attorney, Bryan Cave Leighton Paisner LLP, hereby submits its answer and affirmative defenses to

23  the First Amended Complaint ("Complaint") filed by Plaintiff in the above-captioned action.

24          In responding to the Complaint, Defendant denies all allegations contained therein

25  unless specifically admitted below. Paragraph numbers in this document correspond to Paragraph

26  numbers of the Complaint and respond to all allegations of the corresponding Complaint

27  Paragraphs. Within each Paragraph, if an allegation is not expressly admitted, it is denied.

28

1

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA  94111-4070

1

## I.      NATURE OF THE ACTION

2     1.  Defendant denies the allegations in Paragraph 1 of the Complaint.

3     2.  Defendant denies the allegations in Paragraph 2 of the Complaint.

4     3.  Defendant denies the allegations in Paragraph 3 of the Complaint.

5     4.  Defendant is without sufficient knowledge to admit or deny the allegations of Paragraph 4

6         and denies them on that basis.

7

## II.     PARTIES

8     5.  Defendant is without knowledge as to the allegations in Paragraph 5 of the Complaint and

9         therefore denies the same.

10    6.  Defendant is without sufficient knowledge to admit or deny the allegations of Paragraph 6

11        of the Complaint and denies them on that basis.

12    7.  Defendant admits that it is a corporation.

13    8.  Defendant admits that it is a corporation organized under the laws of California.

14    9.  Defendant admits that it maintains an office in San Francisco, California, but denies that its

15        principal place of business is in San Francisco.

16    10. Defendant admits that it does business throughout the United States.

17    11. Defendant is without knowledge as to the allegations in Paragraph 11 of the Complaint and

18        therefore denies the same.

19    12. Defendant is without knowledge as to the allegations in Paragraph 12 of the Complaint and

20        therefore denies the same.

21    13. Defendant is without knowledge as to the allegations in Paragraph 13 of the Complaint and

22        therefore denies the same.

23    14. Defendant is without knowledge as to the allegations in Paragraph 14 of the Complaint and

24        therefore denies the same.

25    15. Defendant is without knowledge as to the allegations in Paragraph 15 of the Complaint and

26        therefore denies the same.

27    16. Defendant is without knowledge as to the allegations in Paragraph 16 of the Complaint and

28        therefore denies the same.

Bryan Cave Leighton Paisner LLP
Three Embarcadero Center, 7th Floor
San Francisco, CA  94111-4070

17. Defendant is without knowledge as to the allegations in Paragraph 17 of the Complaint and therefore denies the same.

18. Defendant is without knowledge as to the allegations in Paragraph 18 of the Complaint and therefore denies the same.

19. Defendant is without knowledge as to the allegations in Paragraph 19 of the Complaint and therefore denies the same.

### III.   JURISDICTION AND VENUE

20. Defendant admits that this Court has subject matter jurisdiction over Plaintiff's TCPA claims because they present a federal question.

21. Defendant denies that its principal place of business is in California. Defendant denies that any of the conduct alleged in the Complaint was organized from its California headquarters. Defendant denies that it committed any statutory or regulatory violation.

22. Defendant admits that venue is proper in this District insofar as Defendant transacts business in the District. Defendant denies that it committed any statutory or regulatory violation or any of the conduct complained of in the Complaint.

23. Defendant denies its principal place of business is in San Francisco. Defendant denies that it committed any statutory or regulatory violation or any of the conduct complained of in the complaint.

### IV.   FACTS

24. The allegation in Paragraph 24 contains a legal conclusion to which no response is required. To the extent Paragraph 24 contains assertions of fact, Defendant lacks sufficient knowledge and denies the allegations on that basis.

25. The allegation in Paragraph 25 contains a legal conclusion to which no response is required. To the extent Paragraph 25 contains assertions of fact, Defendant lacks sufficient knowledge and denies the allegations on that basis.

26. To the extent Paragraph 26 contains assertions of fact, Defendant lacks sufficient knowledge and denies the allegations on that basis.

601886078.3

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

27. The allegation in Paragraph 27 contains a legal conclusion to which no response is required. To the extent Paragraph 27 contains assertions of fact, Defendant lacks sufficient knowledge and denies the allegations on that basis.

28. The allegation in Paragraph 28 contains a legal conclusion to which no response is required. To the extent Paragraph 28 contains assertions of fact, Defendant lacks sufficient knowledge and denies the allegations on that basis.

29. To the extent Paragraph 29 contains assertions of fact, Defendant lacks sufficient knowledge and denies the allegations on that basis.

30. To the extent Paragraph 30 contains assertions of fact, Defendant lacks sufficient knowledge and denies the allegations on that basis.

31. To the extent Paragraph 31 contains assertions of fact, Defendant lacks sufficient knowledge and denies the allegations on that basis.

32. To the extent Paragraph 32 contains assertions of fact, Defendant lacks sufficient knowledge and denies the allegations on that basis.

33. To the extent Paragraph 33 contains assertions of fact, Defendant lacks sufficient knowledge and denies the allegations on that basis.

34. To the extent Paragraph 34 contains assertions of fact, Defendant lacks sufficient knowledge and denies the allegations on that basis.

35. To the extent Paragraph 35 contains assertions of fact, Defendant lacks sufficient knowledge and denies the allegations on that basis.

36. To the extent Paragraph 36 contains assertions of fact, Defendant lacks sufficient knowledge and denies the allegations on that basis.

37. To the extent Paragraph 37 contains assertions of fact, Defendant lacks sufficient knowledge and denies the allegations on that basis.

38. To the extent Paragraph 38 contains assertions of fact, Defendant lacks sufficient knowledge and denies the allegations on that basis.

39. To the extent Paragraph 39 contains assertions of fact, Defendant lacks sufficient knowledge and denies the allegations on that basis.

40. Defendant is without knowledge as to the allegations in Paragraph 40 of the Complaint and therefore denies the same.

41. Defendant is without knowledge as to the allegations in Paragraph 41 of the Complaint and therefore denies the same.

42. Defendant is without knowledge as to the allegations in Paragraph 42 of the Complaint and therefore denies the same.

43. Defendant is without knowledge as to the allegations in Paragraph 43 of the Complaint and therefore denies the same.

44. Defendant is without knowledge as to the allegations in Paragraph 44 of the Complaint and therefore denies the same.

45. Defendant is without knowledge as to the allegations in Paragraph 45 of the Complaint and therefore denies the same.

46. Defendant is without knowledge as to the allegations in Paragraph 46 of the Complaint and therefore denies the same.

47. Defendant is without knowledge as to the allegations in Paragraph 47 of the Complaint and therefore denies the same.

48. Defendant is without knowledge as to the allegations in Paragraph 48 of the Complaint and therefore denies the same.

49. Defendant is without knowledge as to the allegations in Paragraph 49 of the Complaint and therefore denies the same.

50. Defendant admits the allegations in Paragraph 50.

51. Defendant denies that it relies upon telemarketing to sell insurance.

52. Defendant is without knowledge as to the allegations in Paragraph 52 of the Complaint and therefore denies the same.

53. Defendant is without knowledge as to the allegations in Paragraph 53 of the Complaint and therefore denies the same.

54. Defendant is without knowledge as to the allegations in Paragraph 54 of the Complaint and therefore denies the same.

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

55. Defendant is without knowledge as to the allegations in Paragraph 55 of the Complaint and therefore denies the same.

56. Defendant is without knowledge as to the allegations in Paragraph 56 of the Complaint and therefore denies the same.

57. Defendant is without knowledge as to the allegations in Paragraph 57 of the Complaint and therefore denies the same.

58. Defendant admits that it has been sued under the TCPA in the District of Minnesota, but denies that that lawsuit has any merit.

59. The allegation in Paragraph 59 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that it in some instances uses equipment that may meet the definition of an automated telephone dialing system, but denies that it called the Plaintiff or used any ATDS to call the Plaintiff.

60. Defendant admits that it in some instances uses equipment that may meet the definition of an automated telephone dialing system, but denies that it called the Plaintiff or used any ATDS to call the Plaintiff.

61. Defendant denies that it knowingly calls numbers assigned to cellular telephones without consent.

62. Defendant denies the allegations in Paragraph 62.

63. The allegations in Paragraph 63 are insufficiently precise to be capable of a reasoned response. To the extent a response is required, Defendant denies the allegations in Paragraph 63.

64. The allegations in Paragraph 64 are insufficiently precise to be capable of a reasoned response. To the extent a response is required, Defendant denies the allegations in Paragraph 64.

65. The allegations in Paragraph 65 are insufficiently precise to be capable of a reasoned response. To the extent a response is required, Defendant denies the allegations in Paragraph 65.

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

1   66. The allegations in Paragraph 66 are insufficiently precise to be capable of a reasoned

2      response. To the extent a response is required, Defendant denies the allegations in

3      Paragraph 66.

4   67. Defendant denies that it violates the TCPA.

5   68. Defendant denies the allegations in Paragraph 68.

6   69. Defendant is without knowledge as to the allegations in Paragraph 69 of the Complaint and

7      therefore denies the same.

8   70. Defendant is without knowledge as to the allegations in Paragraph 70 of the Complaint and

9      therefore denies the same.

10  71. Defendant is without knowledge as to the allegations in Paragraph 71 of the Complaint and

11     therefore denies the same.

12  72. Defendant is without knowledge as to the allegations in Paragraph 72 of the Complaint and

13     therefore denies the same.

14  73. Defendant is without knowledge as to the allegations in Paragraph 73 of the Complaint and

15     therefore denies the same.

16  74. Defendant denies the allegations in Paragraph 74.

17  75. Defendant denies the allegations in Paragraph 75.

18  76. Defendant is without knowledge as to the allegations in Paragraph 76 and therefore denies

19     the same.

20  77. Defendant denies the allegations in Paragraph 77.

21  78. Defendant denies the allegations in Paragraph 78.

22  79. Defendant denies the allegations in Paragraph 79.

23  80. Defendant admits that a phone call was made to Plaintiff on May 29, 2019, and that after a

24     pause the Plaintiff said "Hello," but otherwise denies the allegations in Paragraph 80.

25  81. Defendant denies the allegations in Paragraph 81.

26  82. Defendant denies the allegations in Paragraph 82.

27  83. Defendant denies the allegations in Paragraph 83.

28

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

ANSWER TO FIRST AMENDED COMPLAINT: CASE NO. 3:19-CV-04902-LB

601886078.3

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

84. Defendant is without knowledge as to the allegations in Paragraph 84 of the Complaint and therefore denies the same.

85. The allegations of Paragraph 85 are insufficiently precise to be capable of a reasoned response and Defendant denies them on that basis.

86. The allegations of Paragraph 86 are insufficiently precise to be capable of a reasoned response and Defendant denies them on that basis.

87. Defendant admits that one of its employees sent an e-mail to Plaintiff on May 29, 2019.

88. Defendant admits the allegations in Paragraph 88.

89. Defendant admits the allegations in Paragraph 89.

90. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 90 and denies on that basis.

91. Defendant is without knowledge as to the allegations in Paragraph 91 of the Complaint and therefore denies the same.

92. Defendant is without knowledge as to the allegations in Paragraph 92 of the Complaint and therefore denies the same.

93. Defendant denies the allegations in Paragraph 93.

94. Defendant denies the allegations in Paragraph 94.

95. The allegation in Paragraph 95 contains a legal conclusion to which no response is required. To the extent Paragraph 95 contains assertions of fact, Defendant lacks sufficient knowledge and denies the allegations on that basis.

96. The allegation in Paragraph 96 contains a legal conclusion to which no response is required. To the extent Paragraph 96 contains assertions of fact, Defendant lacks sufficient knowledge and denies the allegations on that basis.

97. The allegation in Paragraph 97 contains a legal conclusion to which no response is required. To the extent Paragraph 97 contains assertions of fact, Defendant lacks sufficient knowledge and denies the allegations on that basis.

ANSWER TO FIRST AMENDED COMPLAINT: CASE NO. 3:19-CV-04902-LB

601886078.3

98. The allegation in Paragraph 98 contains a legal conclusion to which no response is required. To the extent Paragraph 98 contains assertions of fact, Defendant lacks sufficient knowledge and denies the allegations on that basis.

99. The allegation in Paragraph 99 contains a legal conclusion to which no response is required. To the extent Paragraph 99 contains assertions of fact, Defendant denies the allegations in this Paragraph.

100.     The allegation in Paragraph 100 contains a legal conclusion to which no response is required. To the extent Paragraph 100 contains assertions of fact, Defendant lacks sufficient knowledge and denies the allegations on that basis.

101.     Defendant denies the allegations in Paragraph 101.

102.     Defendant denies the allegations in Paragraph 102.

103.     Defendant denies the allegations in Paragraph 103.

104.     Defendant denies the allegations in Paragraph 104.

105.     Defendant denies the allegations in Paragraph 105.

106.     Defendant lacks sufficient information to admit or deny the allegations of Paragraph 106 and denies on that basis.

107.     Defendant lacks sufficient information to admit or deny the allegations of Paragraph 107 and denies on that basis.

108.     Defendant lacks sufficient information to admit or deny the allegations of Paragraph 108 and denies on that basis.

109.     The allegation in Paragraph 109 contains a legal conclusion to which no response is required. To the extent Paragraph 109 contains assertions of fact, Defendant lacks sufficient knowledge and denies the allegations on that basis.

### V.     CLASS ALLEGATIONS

110.     Defendant denies that Plaintiff's case is entitled to class treatment and denies that the class allegations in Paragraph 110 have any merit.

111.     Defendant denies that Plaintiff's case is entitled to class treatment and denies that the class allegations in Paragraph 111 have any merit.

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

ANSWER TO FIRST AMENDED COMPLAINT: CASE NO. 3:19-CV-04902-LB

601886078.3

112.     Defendant denies that Plaintiff's case is entitled to class treatment and denies that the class allegations in Paragraph 112 have any merit.

113.     Defendant denies that Plaintiff's case is entitled to class treatment and denies that the class allegations in Paragraph 113 have any merit.

114.     Defendant denies the allegations in Paragraph 114.

115.     Defendant is without knowledge as to the allegations in Paragraph 115 of the Complaint and therefore denies the same.

116.     Defendant denies the allegations in Paragraph 116.

117.     Defendant denies that Plaintiff's case is entitled to class treatment and denies that the class allegations in Paragraph 117 have any merit.

118.     Defendant denies that Plaintiff's case is entitled to class treatment and denies that the class allegations in Paragraph 118 have any merit.

119.     Defendant denies that Plaintiff's case is entitled to class treatment and denies that the class allegations in Paragraph 119 have any merit.

120.     Defendant denies that Plaintiff's case is entitled to class treatment and denies that the class allegations in Paragraph 120 have any merit.

121.     Defendant denies that Plaintiff's case is entitled to class treatment and denies that the class allegations in Paragraph 121 have any merit.

## VI.     FIRST CLAIM FOR RELIEF

122.     Defendant denies the allegations in Paragraph 122.

123.     Defendant denies the allegations in Paragraph 123.

124.     Defendant denies the allegations in Paragraph 124.

125.     Defendant denies the allegations in Paragraph 125.

## VII.     SECOND CLAIM FOR RELIEF

126.     Defendant denies the allegations in Paragraph 126.

127.     Defendant denies the allegations in Paragraph 127.

128.     Defendant denies the allegations in Paragraph 128.

ANSWER TO FIRST AMENDED COMPLAINT: CASE NO. 3:19-CV-04902-LB

601886078.3

## VIII.   PRAYER FOR RELIEF

Defendant denies the allegations contained in the unnumbered Paragraph beginning with "WHEREFORE," including subparagraphs (A) - (I) thereof, and deny that Plaintiff is entitled to any relief whatsoever, either individually or on behalf of others.

## IX.   DEMAND FOR JURY

Defendant denies that Plaintiff is entitled to a jury because this action should be dismissed summarily in its entirety with prejudice.

## AFFIRMATIVE DEFENSES

Defendant, in the alternative, and without prejudice to the denials and other statements made in its Answer, states the following Affirmative Defenses. By setting forth these affirmative defenses, Defendant does not assume the burden of proof as to any Complaint issue or other element of any cause of action for which Plaintiff bears the burden of proof. Moreover, Defendant reserves the right to rely upon additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing)

The Complaint and each purported claim contained therein are barred to the extent that Plaintiff or any member of the putative class lacks statutory and/or Article III standing.

## THIRD AFFIRMATIVE DEFENSE

### (Prior Express Consent)

The Complaint and each purported claim contained therein are barred to the extent that Plaintiff or any member of the putative class provided prior express consent for the alleged calls.

////

////

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA  94111-4070

**FOURTH AFFIRMATIVE DEFENSE**

**(No Automated Dialer)**

The Complaint and each purported claim contained therein are barred because Defendant did not employ an ATDS to initiate the alleged calls.

**FIFTH AFFIRMATIVE DEFENSE**

**(No Agency)**

No other defendant in this action at any time acted, or purported to act, as an agent of Defendant SelectQuote in carrying out any actions alleged in the Complaint as a basis for liability.

**SIXTH AFFIRMATIVE DEFENSE**

**(Waiver, Estoppel, Laches, Unclean Hands, Ratification, and Statute of Limitations)**

The claims asserted in the Complaint are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, unclean hands, ratification, and/or applicable statutes of limitations.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Plaintiff's Own Actions or Inaction)**

Plaintiff's damages, and the damages of the putative class members, if any, have been caused by their own action or inaction, including, but not limited to, their provision of prior express consent to receive calls.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Unconstitutional Vagueness and Overbreadth)**

Interpretations of the TCPA upon which Plaintiff's Complaint is based are unconstitutionally vague and overbroad and thus violate the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Due Process provisions of the Fourteenth Amendment to the United States Constitution.

**NINTH AFFIRMATIVE DEFENSE**

**(Defenses Specific to Class Members)**

Defendant may have additional unique affirmative defenses applicable to different putative members of Plaintiff's proposed class. Defendant reserves the right to assert such additional

Bryan Cave Leighton Paisner LLP
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111-4070

affirmative defenses as the need arises, insofar as class certification has not been granted and is not appropriate in this case.

### TENTH AFFIRMATIVE DEFENSE

### (Excessive Penalties)

The statutory penalties sought by Plaintiff and members of the putative class are excessive and thus violate the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Due Process provision of the Fourteenth Amendment to the United States Constitution.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Reasonable Practices and Procedures)

The Complaint and each purported claim contained therein are barred because Defendant established and implemented, with due care, reasonable practices and procedures to prevent telephone solicitations in violation of the TCPA. Additionally, a violation of the TCPA, if any, would have been in error and Defendant satisfies the requirements of 47 C.F.R. Section 64.1200(c)(2)(i) and (d).

### TWELFTH AFFIRMATIVE DEFENSE

### (Improper Class Action)

This action is not maintainable as a class action, and relief on a class-wide basis is not appropriate because Plaintiff cannot establish the facts and prerequisites necessary for the maintenance of a class action, including typicality, numerosity, commonality, ascertainability, or adequate representation.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Damages Not Measureable on a Class-wide Basis)

Plaintiff's alleged damages, if any, are incapable of proof on a class-wide basis.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (No Liability for Reassigned Numbers)

In the event Defendant had consent to call a telephone number that was reassigned or assigned to a third party, Defendant is not liable under the TCPA.

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

## RESERVATION OF DEFENSES

Defendant hereby reserves its right to assert such additional defenses as may become apparent during the course of discovery.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's First Amended Complaint with prejudice at Plaintiff's cost, award Defendant its attorneys' fees and costs, and grant such other relief as the Court deems appropriate under the circumstances.

Dated:     April 10, 2020

Daniel T. Rockey
Thomas P. Kinzinger
**BRYAN CAVE LEIGHTON PAISNER LLP**


By: */s/ Daniel Rockey*
          Daniel T. Rockey
Attorneys for Defendant
SELECTQUOTE INSURANCE SERVICES

601886078.3